UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROY W. SWANSON,<br><br>         Petitioner,<br><br>vs.<br><br>WARDEN LARIVA,<br>         Respondent. | )<br>)<br>)<br>)   Case No. 2:14-cv-187-WTL-WGH<br>)<br>)<br>)<br>)<br>)<br>) |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Petitioner Roy Swanson is confined in this District serving the executed portion of a sentence imposed by the United States District Court for the Eastern District of Wisconsin. That sentence was enhanced based on the trial court's finding that Swanson qualified as an Armed Career Criminal (ACC) under 18 U.S.C. § 924(e)(1). Contending that his sentence has been improperly enhanced, Swanson has filed a petition for writ of habeas corpus. Swanson's motion pursuant to 28 U.S. C. 2241 to correct sentence [dkt 6] is granted to the extent that the motion is treated as Swanson's response to the Entry issued on July 8, 2014.

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974).

On March 21, 2011, Swanson filed such a motion. The motion was denied, with the following summary:

> Having considered the entire record in this matter, including the record in the underlying criminal case, *United States v. Swanson,* Case No. 06–CR–0083, I now conclude on three separate grounds that Swanson's motion for relief under § 2255 should be denied and the action dismissed. First, Swanson waived the

argument that he is not an ACC by agreeing that he was subject to the provisions of the ACC Act in his Plea Agreement. Second, even apart from waiver, the facts do not support equitable tolling of the limitation period, and the motion is therefore untimely. Finally, even if the claim was not waived and the motion was timely, Swanson would not be entitled to relief because he has more than three prior convictions that would qualify as violent felonies. Accordingly, his sentence of fifteen years under the ACC was lawful and did not result from the denial of any constitutional right.

*Swanson v. United States*, 2011 WL 2896256 (E.D.Wis. July 20, 2011).

The present action is brought pursuant to 28 U.S.C. § 2241. "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). Swanson's habeas challenge was presented and rejected in his 28 U.S.C. § 2255 action. It is not available for further review here. *See Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). Although the savings clause of § 2255(e) just referenced above has drawn Swanson to a second collateral challenge to the ACC status found by the trial court, 28 U.S.C. § 2244(a) prevents a federal inmate from utilizing § 2241 to challenge the validity of a federal court conviction or sentence which has previously been presented to the federal courts for determination. *Valona v. United States*, 138 F.3d 693, 694–95 (7th Cir. 1998) (concluding that § 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence); *Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997) (barring as a second § 2241 petition a repetitive challenge to application of time credits in the administrative calculation of a federal sentence).

The savings clause of § 2255(e) does not give Swanson a second bite at the post-conviction relief apple. "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000). Swanson had that opportunity and he used it.

In *Hill,* the Seventh Circuit reiterated "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.'" 695 F.3d at 648 (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998)).

Swanson has not shown that he is "innocent" of the enhanced ACC sentence. He simply argues that one of the prior convictions was not a qualifying felony. He does not rest this argument on a new case of statutory interpretation decided after his first § 2255 motion was decided and which is to be applied retroactively. "Too much imprisonment is not the equivalent of innocence of the crime." *Harvey v. Sherrod,* 2009 WL 2231718, at *9 (S.D.Ill. July 27, 2009) (citing *Unthank v. Jett,* 549 F.3d 534, 536 (7th Cir. 2008)) (dismissing a § 2241 petition).

The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). Swanson has not met that burden. No argument he presents dictates otherwise. He mentions *Descamps v. United States*, 133 S. Ct. 2276 (2013), but this does not benefit him. "To date, the Supreme Court has not made *Descamps* retroactive on collateral review." *Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014), and the rule in *Descamps* has been the rule in the Seventh Circuit since at least 2009. *See United States v. Woods*, 576 F.3d 400, 411 (7th Cir. 2009).

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). This is an appropriate case for such a disposition for precisely the reasons explained above. That is, petitioner Swanson has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 9/22/14

*William T Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ROY SWANSON
08297089
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808